UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.                                                           Docket No. 2:25-cr-00017

RICHARD VARDENSKI,
Defendant.

PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District

of Vermont (hereafter "the United States"), and the defendant, RICHARD VARDENSKI, agree

to the following in regard to the disposition of pending criminal charges.

1.  RICHARD VARDENSKI agrees to plead guilty to Count One of the Indictment charging

him with Obstructing, delaying, and affecting interstate commerce by robbery by actual and

threatened force, violence and fear at the Old North end Variety store located at 142 North

Winooski Avenue in Burlington, Vermont, in violation of 18 U.S.C. § 1951(a).

2.  RICHARD VARDENSKI understands, agrees and has had explained to him by counsel

that the Court may impose the following sentence on his plea: up to 20 years of imprisonment,

pursuant to 18 U.S.C. § 1951; up to 3 years of supervised release, pursuant to 18 U.S.C. § 3583;

up to a $250,000.00 fine, pursuant to 18 U.S.C. § 3751(b)(3); and a $100.00 special assessment

pursuant to 18 U.S.C. § 3013. RICHARD VARDENSKI further understands that the Court may

order full restitution to the victims of the offense in an amount determined by the Court, pursuant

to 18 U.S.C. § 3663.

3.  RICHARD VARDENSKI agrees to plead guilty because he is, in fact, guilty of the above

crime.

1

4. RICHARD VARDENSKI stipulates to, agrees with, and admits the following facts:

    a. On or about August 25, 2024, I, RICHARD VARDENSKI, entered the Old North end Variety store located at 142 North Winooski Avenue, in Burlington, Vermont; approached a store clerk; brandished a dangerous weapon, and demanded money and a pack of Marlboro cigarettes from the clerk. The clerk gave me, RICHARD VARDENSKI, approximately $500.00 in U.S. Currency and a pack of Marlboro 100 cigarettes. I then fled the scene. Therefore, on August 25, 2024, I, RICHARD VARDENSKI, committed Hobbs Act Robbery as charged in Count One of the Indictment in this case.

5. RICHARD VARDENSKI understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

6. RICHARD VARDENSKI acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7.  RICHARD VARDENSKI fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement.  The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8.  RICHARD VARDENSKI fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. RICHARD VARDENSKI acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category.  RICHARD VARDENSKI understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds

3

for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9. RICHARD VARDENSKI agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. RICHARD VARDENSKI agrees to pay the special assessment at the time of sentencing.

10. RICHARD VARDENSKI agrees, pursuant to 18 U.S.C. § 3663(a)(3), to pay restitution to Old North End Variety in the amount of $533.45, which will be payable at the time of sentencing.

11. RICHARD VARDENSKI recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. RICHARD VARDENSKI nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

12. The United States agrees that in the event that RICHARD VARDENSKI fully and completely abides by all conditions of this agreement, the United States will:

    a. not file additional federal charges in the District of Vermont [based on the conduct described in the factual stipulations at paragraph 4;

b. recommend to the sentencing Court that he be sentenced to a term of imprisonment at the low end of the Sentencing Guidelines range if the total offense level is 16 or above;

c. recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

d. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

13. If the United States determines, in its sole discretion, that RICHARD VARDENSKI has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. RICHARD VARDENSKI understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

5

14. It is understood and agreed by the parties that should RICHARD VARDENSKI's plea

not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this

agreement may be voided at the option of the United States and he may be prosecuted for any

and all offenses otherwise permissible. RICHARD VARDENSKI also agrees that the statute of

limitations for all uncharged criminal offenses known to the United States as of the date it signs

this plea agreement will be tolled for the entire period of time that elapses between the signing of

this agreement and the completion of the period for timely filing a petition under 28 U.S.C. §

2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the

conviction.

15. It is further understood that this agreement is limited to the Office of the United States

Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting

authorities.

16. RICHARD VARDENSKI expressly states that he makes this agreement of his own free

will, with full knowledge and understanding of the agreement and with the advice and assistance

of his counsel, EVAN BARQUIST, Esq. RICHARD VARDENSKI further states that his plea of

guilty is not the result of any threats or of any promises beyond the provisions of this agreement.

Furthermore, RICHARD VARDENSKI expressly states that he is fully satisfied with the

representation provided by his attorney, EVAN BARQUIST, Esq., and has had full opportunity

to consult with his attorney concerning this agreement, concerning the applicability and impact

of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of

Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised

release.

6

17. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

MICHAEL P. DRESCHER
Acting United States Attorney

6/13/25
Date

By: _____
Thomas J. Aliberti
Assistant U.S. Attorney

6/12/25
Date

_____
RICHARD VARDENSKI
Defendant

I have read, fully reviewed and explained this agreement to my client, RICHARD VARDENSKI. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

6/12/25
Date

_____
EVAN BARQUIST
Counsel for the Defendant

7